**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1465
_____

RICHARD D. TAYLOR,
                                        Appellant

v.

DAVID HENDERSON; WILLIAM C.
PFEIFER; JOYCE BEMBRY; LEEANN
BULLOCK; GREGORY GARCIA; JAMES T. JUSTICE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-12-cv-01105)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2015
Before:  CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 19, 2015)
_____

OPINION[*]
_____

PER CURIAM

Richard D. Taylor appeals from the order of the District Court dismissing his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

amended complaint and denying his motion to further amend as moot. We will affirm in part, vacate in part, and remand for further proceedings.

I.

Taylor is a Delaware inmate serving two concurrent terms of life imprisonment imposed in 1971 for rape and kidnapping. Following a series of paroles and parole revocations, Taylor's parole was revoked again in 2004 after he tested positive for cocaine, and he has remained in prison ever since. At issue in this case are Taylor's applications for parole that the Delaware Board of Parole (the "Board") denied in 2008, 2012 and 2014. The Board denied parole in 2008 on six grounds, including the "violent nature of offense" and Taylor's "substance abuse history." The Board again cited the "violent nature of offense" and four other grounds when denying parole in 2012.

After the Board's 2012 denial, Taylor filed the suit at issue here and later amended his complaint. The amended complaint asserts essentially two claims. First, Taylor claims that it was improper for the Board to rely on the nature of his underlying offense because the Board previously paroled him notwithstanding the nature of that offense. Taylor sought otherwise unspecified injunctive relief on this claim and requested a determination "whether the Board of Parole can continue to deny me re-parole based on the Serious Nature of My Offense." (ECF No. 16 at 3.)

Second, Taylor claims that the Board's reliance on his history of substance abuse violated his rights under Title II of the Americans With Disabilities Act ("ADA"). Taylor has been diagnosed with Post Traumatic Stress Disorder ("PTSD") arising from

_____

constitute binding precedent.

his service in the military in Vietnam, and he appears to claim that both that disorder and his drug addiction constitute disabilities for ADA purposes. He further claims that his PTSD was the underlying cause of his substance abuse and that he cannot obtain adequate treatment for his PTSD while in prison. He also alleges that the Department of Veteran Affairs has approved him for a re-entry program that would provide such treatment but that he cannot avail himself of that program because the Board's denials of parole are keeping him in prison. Thus, he appears to claim that the Board is violating the ADA by (1) relying on his history of substance abuse in denying parole while (2) effectively denying him the PTSD treatment necessary to remedy that substance abuse.

The defendant Board members[1] filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Taylor's amended complaint on statute of limitations and other grounds. Taylor responded with a motion to further amend to include the same challenges to the Board's materially identical 2014 denial of parole. Taylor also sought to assert as a third claim that the Board acted arbitrarily by relying on impermissible factors in violation of the Due Process Clause of the Fourteenth Amendment. The District Court granted the Board's motion and dismissed Taylor's amended complaint solely on statute of limitations grounds. In doing so, the District Court addressed Taylor's proposed second amended complaint, but it did not grant Taylor leave to file that second amended

---

[1] Taylor named as defendants individual members of the Board but never named or sought to name the Board itself. The defendants argue on appeal that we should affirm the dismissal of Taylor's amended complaint because he never named the Board itself as a defendant or served process on a majority of the Board members. We do not decide that issue as discussed below, and we hereafter refer to the defendants collectively as the Board solely for ease of reference.

complaint and instead denied his motion to amend as moot. We construe these rulings to include a ruling that the proposed amendment would be futile. Taylor appeals.[2]

## II.

Taylor claims that the Board (1) denied him due process by relying on the nature of his offense and (2) denied him due process and violated the ADA by relying on his history of substance abuse. The parties and the District Court agree that these claims are governed by Delaware's two-year statute of limitations for personal injury actions. See Disabled in Action of Pa. v. S.E. Pa. Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008) (ADA); McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996) (§ 1983).

The District Court concluded that Taylor's claims are untimely in their entirety. As we will explain, we agree as to Taylor's claim that the Board denied him due process by relying on the nature of his offense. We further agree as to Taylor's claims that the Board denied him due process and violated the ADA by relying on his history of substance abuse, at least to the extent that those claims challenge the Board's reliance on that factor per se. Those claims, however, have another aspect that the District Court did not acknowledge and that cannot be deemed untimely at this stage.

---

[2] Taylor properly asserted his claims under 42 U.S.C. § 1983 and the ADA rather than in a habeas petition because success on his claims that the Board relied in part on impermissible factors would result merely in a new parole determination and not immediate release from prison. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (§ 1983); Benchoff v. Colleran, 404 F.3d 812, 815 n.4 (3d Cir. 2005) (same); Bogovich v. Sandoval, 189 F.3d 999, 1003-04 (9th Cir. 1999) (ADA). Thus, the District Court properly exercised jurisdiction, and we have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review of the District Court's dismissal of [a] Complaint on statute of limitations grounds under Fed. R. Civ. P. 12(b)(6)." Romero v. Allstate Corp., 404 F.3d 212, 220 (3d Cir. 2005).

The District Court dismissed Taylor's due process claim regarding the Board's reliance on the nature of his offense because he learned of that alleged injury when the Board denied parole in 2008 but did not file suit until over four years later after the Board again denied parole in 2012. That conclusion clearly is correct as to the Board's denial of parole in 2008. The District Court did not explain why that circumstance bars Taylor's challenges to the 2012 and 2014 denials of parole as well, but it does. The Board's reliance on the nature of Taylor's offense was apparent in 2008 when it expressly cited that factor in denying parole. Taylor thus knew everything he needed to know to assert his challenge at that time. The Board's "identically phrased" reliance on this factor again in 2012 and 2014 was not "a necessary factual predicate to [this] claim" because the Board's reliance on this factor in 2008 "would have been sufficient for [Taylor] to formulate his complaint." Benchoff, 404 F.3d at 818.

Taylor argues that he could not have asserted this claim in 2008 because it is based on the Board's "continual" reliance on the nature of his offense and he could not have known that the Board would continue to rely on it until it did so again in 2012. As the Board observes, this argument assumes that it was permissible for the Board to rely on the nature of Taylor's offense once in 2008 but not thereafter. Taylor has cited no authority supporting such a proposition, and we are aware of none. The Board's continued reliance on this factor also does not make Taylor's claim timely under a continuing violation theory because Taylor was or should have been "aware of the [alleged] injury at the time it occurred" in 2008. Montañez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 481 (3d Cir. 2014) (quotation marks omitted).

Much the same analysis applies to Taylor's due process and ADA claims to the extent that he challenges the Board's reliance on his prior substance abuse per se. Because the Board expressly relied on that factor in 2008, Taylor knew or should have known of that alleged injury at that time. See, e.g., Bogovich, 189 F.3d at 1003-04 (addressing cognizability of similar claim).

Taylor's due process and ADA challenges to the Board's denial of parole in 2012 and 2014, however, also have another aspect. Taylor does not claim merely that the Board erred in relying on his past substance abuse per se. Instead, he claims that the Board's reliance on his past substance abuse denied him due process and violated the ADA in light of the information he presented to the Board in those specific parole applications.

In particular, Taylor claims to have advised the Board both that the root cause of his substance abuse was PTSD and that he will be eligible for PTSD treatment if released but cannot obtain such treatment in prison. Taylor claims that he first learned of these circumstances in 2009, and he attached documentation supporting that claim to his amended complaint.[3] Taylor further claims that he presented this information to the Board at his next opportunity to apply for parole and that the Board denied him due

---

[3] Taylor attached a September 4, 2009 decision from the Department of Veteran Affairs ruling him eligible for PTSD treatment as a veteran's benefit. The report notes that Taylor's "cocaine and alcohol dependence [is] secondary to PTSD" and that various factors including Taylor's incarceration and "lack of mental health treatment are obstacles in his recovery from PTSD." (ECF No. 16 at 9-10.) Taylor also attached correspondence from the Department of Veterans Affairs noting his eligibility for benefits in general and suggesting that he might qualify for treatment under the Health Care for Re-Entry Veterans Program only if released from prison. (Id. at 11-12.)

process and violated the ADA by relying on his past substance abuse under these specific circumstances.

The District Court did not acknowledge this aspect of Taylor's claims, and we cannot conclude at this stage that they are barred by the statute of limitations. The Board argues that they are because Taylor alleges that he learned of the link between his substance abuse and PTSD in 2009 but did not file suit until 2012. Taylor, however, could not have challenged the Board's 2008 decision on the basis of information that was not before the Board at that time. Taylor submitted this information to the Board at his next opportunity to apply for parole, the Board denied that application in 2012, and Taylor filed suit shortly thereafter. He later sought to further amend his complaint to challenge the Board's 2014 denial on this basis as well. Thus, it appears that Taylor raised these claims within two years of their accrual.

The Board asks us to affirm the dismissal of these claims on two alternate grounds, but we decline to do so. First, the Board argues that these claims fail as a matter of law because the Board did not actually rely on Taylor's history of substance abuse in denying parole in 2012 and 2014 as he alleges. As the Board observes, the Board's 2008 decision expressly states that the Board based its denial in part on Taylor's "Substance Abuse History," but its 2012 and 2014 decisions do not state that it relied on that factor.

Even assuming that it is appropriate to rely on the 2012 and 2014 Board decisions themselves, which Taylor did not attach to his amended complaint, that point is not dispositive at the pleading stage. See Thompson v. Davis, 295 F.3d 890, 896 n.3 (9th Cir. 2002) ("[W]hile the 1999 Board decision does not disclose the Board's reliance on

Thompson's history of substance abuse, the decision does not affirmatively prove that the Board did not" rely on it.). The 2012 and 2014 Board decisions also suggest that the Board may indeed have considered Taylor's past substance abuse because both decisions recommend that Taylor "work with [his] counselor to develop a plan for continued . . . substance abuse treatment." Thus, Taylor's allegation that the Board relied on his history of substance abuse is sufficient at the pleading stage.

Second, the Board argues that Taylor's claims fail because Taylor has named as defendants only individual Board members rather than the Board itself. In particular, the Board argues that (1) the individual Board members whom Taylor has named and served lack the authority to reconsider the denial of parole on their own and (2) only the Board itself is a proper defendant on Taylor's ADA claim. We need not resolve these issues because it appears that Taylor could remedy these potential defects by further amending his complaint. The District Court is in a better position to address the propriety of further amendment if necessary on remand.[4]

III.

---

[4] The Board does not otherwise argue that these claims fail to state a claim on the merits, and we decline to address that issue sua sponte and in the first instance. We note that, as a matter of substantive due process, the Board may not deny parole "for arbitrary . . . reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). We further note that other courts have recognized the potential for ADA claims arising from the denial of parole on the basis of an allegedly disabling drug addiction. See, e.g., Bogovich, 189 F.3d at 1003-04. At the same time, we and other courts have recognized that parole boards generally may rely on prisoners' history of substance abuse when determining their eligibility for parole. See Thompson, 295 F.3d at 898 n.4; Coady v. Vaughn, 251 F.3d 480, 483, 487 (3d Cir. 2001). Because neither the District Court nor the Board has addressed the merits of these claims, however, we will leave it for the District Court to do so in the first instance if necessary on remand.

For these reasons, we will affirm the District Court's dismissal of Taylor's claim that the Board denied him due process by relying on the nature of his offense. We also will affirm the District Court's dismissal of Taylor's claims that the Board denied him due process and violated the ADA by relying on his prior substance abuse per se. We will vacate the denial of those claims to the extent that they challenge the Board's alleged reliance on this factor in light of the specific information that Taylor provided in the parole applications that the Board denied in 2012 and 2014, and we will remand those claims for further consideration. Because Taylor's motion for leave to further amend his complaint does not appear futile to that extent and no longer is moot in light of our ruling, we will vacate the District Court's denial of that motion as well.